# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE PAUL RAYMOND WILLIAMS,<br><br>    Plaintiff,<br><br>  v.<br><br>ABAGAIL MESSA, et al.,<br><br>    Defendants. | Case No. 1:21-cv-01660-DAD-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>(Doc. 6)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Prince Paul Raymond Williams ("Plaintiff"), proceeding pro se and *in forma pauperis*, initiated this civil action on November 17, 2021. (Doc. 1.)

On June 10, 2022, the Court screened Plaintiff's complaint and granted him leave to amend within thirty (30) days of service of the Court's order. (Doc. 6.) Plaintiff was expressly warned that if he failed to file an amended complaint in compliance with the Court's order, then the Court would recommend dismissal of this action, with prejudice, for failure to obey a court order, failure to prosecute and failure to state a claim. (*Id.*) The deadline for Plaintiff to file his amended complaint has passed and Plaintiff has not complied with the Court's order. The Court therefore will recommend dismissal of this action for failure to state a claim, failure to prosecute and failure to obey a court order.

///

///

**I.     Failure to State a Claim**

   **A.  Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

   **B.  Plaintiff's Allegations**

Plaintiff brings this action against Defendants Abagail Messa, Amanda Ford, Christina Astorga, Delfina Neira, and Justin R. Johnson. Generally, Plaintiff alleges that defendants have made false allegations of sexual abuse against him, which subjected him to an investigation, supervised visits with his daughter and excessive wage garnishments for child support. Plaintiff also complains about efforts by the mother of his child to recover payments for medical bills.

Specifically, Plaintiff alleges that Defendant Ford is a social worker for the Department of Social Services. She and Plaintiff are parents to a daughter, Aamirah. In August 2016,

2

Defendant Ford made allegations of sexual abuse of their daughter by Plaintiff.  (*Id.* at ¶ 12.)

On August 25, 2016, Defendant Astorga, a social worker for the Department of Social Services, was assigned a 10-day referral regarding the allegations of possible sexual abuse. Defendant Astorga contacted the Fresno Police Department to request information regarding calls for service at Defendant Ford's home address.  On August 30, 2016, Defendant Astorga contacted a third party to investigate Defendant Ford's allegations.  Defendant Astorga reported that the third party was unsure but that the minor's mother had disclosed that the minor had been 'touched' but had no visible marks or bruises to indicate abuse. (*Id*. at ¶ 13.)

On August 31, 2016, Defendant Astorga investigated the alleged abuse with Defendant Ford, a third party, and the minor.  Defendant Astorga reported that Defendant Ford spoke with the Plaintiff and told him the minor would not be going back to his home.  (*Id.* at ¶ 14.)

Defendant Astorga attempted to contact Plaintiff on September 1, 27, and 28, 2016.  On September 28, 2016, Defendant Astorga recommended that that the referral be closed as the allegations of sexual abuse appeared to be unfounded and the child did not appear to be in any demonstrable danger.  (*Id.* at ¶¶ 15, 16.)

On July 19, 2018, Judge David Kalemkarian, without allegedly affording due process, ordered that the minor's mother should have sole legal and physical custody and that the father should have supervised visits in the case of *County of Fresno, Amanda Ford v. Prince Paul Raymond Williams,* Case No. 14CEFS01741. (*Id.* at ¶ 17.)

On September 1, 2019, Plaintiff emailed Defendant Neira, Director of the Department of Social Services, with a complaint against Defendant Ford.  On September 3, 2019, Defendant Johnson, a supervisor in the Department of Social Services, replied that Plaintiff's correspondence had been received and requested that Plaintiff call to discuss the matter.  Plaintiff was not provided a remedy for his suffering during the ensuing conversation with Defendant Johnson. (*Id.* at ¶¶ 18-19.)

On November 14, 2019, Defendant Ford sent Plaintiff an email from her Fresno County email address that contained a medical expense statement regarding their daughter.  (*Id.* at ¶ 20.) In December 2019, Defendant Ford sent a medical billing statement to Plaintiff regarding their

3

1   daughter in a County of Fresno envelope.  Defendant Ford replaced the County of Fresno address
2   with her own address.  (*Id.* at ¶ 21.)
3       On December 12, 2019, Plaintiff called Defendant Messa, Defendant Ford's immediate
4   supervisor, to complain about Defendant Ford's actions.  Plaintiff was not provided a remedy by
5   Defendant Messa.  (*Id.* at ¶ 22.)
6       In December 2019, Plaintiff received a medical statement from Defendant Ford by text
7   message demanding payment of $151.60.  (*Id.* at ¶ 23.)  On December 23, 2019, Plaintiff received
8   an email from Defendant Ford's personal email, which contained an attached medical expense
9   statement.  Defendant Ford informed Plaintiff that if he did not make the payment, then she
10  would make sure it was added to his backpay when we go to court.  (*Id.* at ¶ 24.)
11      Plaintiff submits the complaint under the First, Fourth, Fifth, Sixth, Seventh, Eighth and
12  Fourteenth Amendments to the United States Constitution, as well as under Cal. Fam. Code §
13  3027.1, Penal Code § 11172, 15 U.S.C. § 645, 18 U.S.C. § 1001, 18 U.S.C. § 1030, 18 U.S.C. §
14  1035, 31 U.S.C. § 3729, Civil Code § 1572, 18 U.S.C. § 1341, 18 U.S.C. § 1346, 19 U.S.C. §
15  1592; 18 U.S.C. § 912, Penal Code § 529, 5 C.F.R. § 2635.401, 5 C.F.R. § 2635.702, 25 C.F.R. §
16  11.448, 5 U.S.C. § 706, 18 U.S.C. § 208, Cal. Pub. Res. Code § 21168.5, 18 U.S.C. § 1951, 18
17  U.S.C. § 1957, 18 U.S.C. § 1581, 42 U.S.C. § 1994, 18 U.S.C. § 1584, 18 U.S.C. § 1589, 28
18  U.S.C. § 4101, 42 U.S.C. § 5106g, 18 U.S.C. § 1503, 18 U.S.C. § 1512, Cal. Fam. Code §§ 3020,
19  3040, 15 U.S.C. § 1692, 5 U.S.C. § 3331, 18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 245 and
20  42 U.S.C. § 1983.  He also brings claims for violation of Article I and Article VI and for
21  intentional infliction of emotional distress and negligence.  (Id. at ¶¶ 1, 8.)
22          **C.  Discussion**
23      Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to
24  state a cognizable claim.  Plaintiff previously filed an action involving the same factual
25  allegations, *Williams v. Fresno Cty. Dep't of Soc. Servs.,* Case No. 1:21-cv-00596-DAD-SAB.
26  In that action, Plaintiff was provided with the legal standards that generally applied to his claims
27  and also was provided an opportunity to file an amended complaint to cure the deficiencies.
28  (*See Williams*., Case No. 1:21-cv-00596-DAD-SAB, at Doc. 4.)  Plaintiff failed to amend his

complaint and that action was dismissed without prejudice due to Plaintiff's failure to prosecute and failure to obey a court order. (*See id.* at Doc. 6.)

### 1. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's complaint is not a short and plain statement of claims. The complaint alleges a variety of issues including an investigation of alleged child abuse, attempts by Defendant Ford to secure reimbursement for medical expenses, complaints to Defendant Ford's employer about Defendant Ford's actions, child custody issues, child support issues and wage garnishment. For nearly all of the twenty-five counts, Plaintiff quotes various constitutional provisions and federal statutes. He then makes conclusory statements and conclusions claiming that the various constitutional provisions and federal statutes were violated. These conclusory statements will not suffice. A mere recital of the elements of a particular cause of action also is not sufficient.

Further, Plaintiff's complaint is a shotgun pleading of the type that violates Rule 8 by repeatedly incorporating all preceding paragraphs by reference. *See Williams v. Vista*, No. 1:21-cv-01661-JLT-SAB, 2022 WL 992922, at *4 (E.D. Cal. Apr. 1, 2022), (finding in similar circumstances that plaintiff's complaint was an example of a shotgun pleading, repeatedly incorporating all preceding paragraphs by reference—that has been found to violate Rule 8), report and recommendation adopted, No. 1:21-CV-1661 JLT SAB, 2022 WL 1204564 (E.D. Cal. Apr. 22, 2022). Plaintiff may not simply recite or quote various constitutional provisions or statutes and conclude that they were violated by the allegations in his complaint.

///

2. <u>Jurisdiction - Child Custody, Visitation, and Child Support Claims</u>

Insofar as Plaintiff is attempting to raise claims regarding child custody or visitation, the Court is without jurisdiction over such claims because they are exclusively matters of state law. *See Ankenbrandt v. Richards*, 504 U.S. 689, 702-704 (1992) (holding that the domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees."); *see also Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir.1983) (stating that "federal courts have uniformly held that they should not adjudicate cases involving domestic relations, including 'the custody of minors and *a fortiori*, right of visitation.' For that matter, the whole subject of domestic relations and particularly child custody problems is generally considered a state law matter"). "Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters." *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir.1986).

Further, to the extent Plaintiff is challenging orders of the state court regarding custody, visitation, child support and wage garnishment, he may not do so. This Court lacks subject matter jurisdiction to review the final determinations of state court dependency proceedings. *See*, *e.g.*, *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir.1986) ("The United States District Court ... has no authority to review the final determinations of a state court in judicial proceedings."). Under the *Rooker-Feldman* doctrine, a federal district court does not have subject-matter jurisdiction to hear an appeal from the judgment of a state court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005); *see also Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923). Therefore, Plaintiff's claims involving child custody orders, child support and garnishment orders issued by the state court are barred by the *Rooker-Feldman* doctrine. *See*, *e.g.*, *Moore v. County of Butte*, 547 Fed.App'x. 826, 829 (9th Cir. 2013) (concluding plaintiff's claims challenging the outcome of custody proceedings were properly dismissed); *Rucker v. County of Santa Clara, State of California*, No. C02-5981 JSW, 2003 WL 21440151, at *2 (N.D. Cal. June 17, 2003) (finding the plaintiff's claims were "inextricably intertwined" with the state court's rulings where the plaintiff "challenge[d] his original child support order on jurisdictional

grounds, dispute[d] his total child support arrearages, and allege[d] that Santa Clara County's garnishment order against his disability benefits payments is invalid").

### 3. Section 1983

Plaintiff alleges violations of the United States Constitution and federal statutes pursuant to 42 U.S.C. § 1983. Section 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). To state a claim under section 1983, a plaintiff must allege: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution; (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48–49 (1988).

A showing that the defendant has acted under the color of state law is a prerequisite for any relief under section 1983. *See O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (allegation of state action is "necessary element of a § 1983 claim"). A person acts under color of state law when he or she "exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S at 49. Generally, private parties do not act under color of state law for section 1983 purposes. *See Price v. Hawaii,* 939 F.2d 702, 707-08 (9th Cir. 1991).

Although Plaintiff alleges that Defendant Ford is a social worker and works for the Department of Social Services, Plaintiff fails to include any allegations to reasonably demonstrate that Defendant Ford was acting under color of state law in reporting allegations of sexual abuse of her daughter, by mailing or emailing Plaintiff regarding payment of medical bills, or by seeking child support. *See Williams v. Fresno Cty. Dep't of Soc. Servs.*, No. 1:21-cv-00596-DAD-SAB, 2021 WL 2188137, at *4 (E.D. Cal. May 28, 2021) (concluding on identical allegations that were there were "no factual allegations that would lead the Court to reasonably conclude that Defendant Ford was acting under state law in making her report of the sexual abuse of her daughter in 2016, in mailing or emailing Plaintiff regarding the medical bill for which she was seeking his contribution, or by seeking child support").

Plaintiff's allegations against Defendants Messa, Neira, and Johnson are based solely on their roles as supervisors in the Department of Social Services. Liability may not be imposed on

supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales*, 567 F.3d at 570. Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

Plaintiff's allegations that he complained to Defendants Neira, Johnson, and Messa about Defendant Ford's actions do not establish the requisite causal connection to impose liability against them. Plaintiff's allegations concern the actions of Defendant Ford regarding her report of alleged sexual abuse and attempts to collect payment for medical expenses. These allegations do not implicate any involvement by the supervisory employees, nor do they implicate any policies of the Department of Social Services.

4. Statute of Limitations

Plaintiff's claims regarding Defendant Ford's allegations of sexual abuse of their daughter by Plaintiff and Defendant Astorga's related investigation appear to be time barred. Section 1983 contains no specific statute of limitations. Therefore, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). California's statute of limitations for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1; *Maldonado*, 370 F.3d at 954−55.

Federal law determines when a civil rights claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); *Maldonado*, 370 F.3d at 955; *Fink*, 192 F.3d at 914.

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations found in state law. *Jones*, 393 F.3d at 927. California law provides for equitable tolling of the statute of limitations where a plaintiff meets three conditions: "(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." *Fink*, 192 F.3d at 916 (citation and quotation marks omitted); *see also Addison v. State of Cal.*, 21 Cal. 3d 313, 319 (1978) (citations omitted).

Plaintiff's claims regarding Defendant Ford's allegations and Defendant Astorga's investigation are predicated on events occurring on August 25, 2016, August 30, 2016, August 31, 2016, and September 1, 27, and 28, 2016. Assuming that Plaintiff was entitled to two years to file his claim, Plaintiff's complaint must have been filed no later than September 28, 2018. However, the complaint in this action was filed with the Court on November 17, 2021. Plaintiff includes no allegations to demonstrate that any equitable tolling should apply or to explain the delay in bringing this action even accounting for prior dismissal of his claims without prejudice in a separate action.

### 5. First Amendment

Plaintiff alleges that defendants conspired to abridge his right to freedom of speech and his right to petition the court regarding the allegations of sexual abuse and claims of medical expenses. The nature of Plaintiff's First Amendment claim is unclear. Plaintiff's complaint is devoid of any factual allegations regarding how any defendant abridged his right to free speech or denied him access to the courts.

### 6. Fourth Amendment

Plaintiff alleges that his Fourth Amendment rights were violated when defendants

investigated his daughter without a warrant supported by proper judicial affirmation and did not rescind the order regarding child support. The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. amend. IV. "To establish a viable Fourth Amendment claim, a plaintiff must show not only that there was a search and seizure as contemplated by the Fourth Amendment, but also that said search and seizure was unreasonable and conducted without consent." *Rakas v. Illinois*, 439 U.S. 128, 143 (1978); *United States v. Rubio*, 727 F.2d 786, 796–97 (9th Cir. 1983).

Plaintiff's complaint is devoid of any factual allegations to suggest that Plaintiff was searched or seized in violation of the Fourth Amendment, or that a warrant was issued involving Plaintiff. Plaintiff's complaint concerns allegations that Defendant Astorga conducted an investigation based on a report of alleged sexual assault. Plaintiff fails to state a claim for violation of the Fourth Amendment.

### 7. Fifth Amendment

Plaintiff alleges that defendants violated the Fifth Amendment by enforcing his child support obligations without due process or equal protection. (Compl. at ¶¶ 46, 48.) "[T]he Fifth Amendment's due process clause applies only to the federal government." *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008). None of the named defendants are federal government employees.

Plaintiff also cannot state a claim under the Takings Clause of the Fifth Amendment as his child support payments do not constitute a taking for public use. *See Williams*, 2021 WL 2188137, at *5.

### 8. Sixth Amendment

Plaintiff alleges that his Sixth Amendment right to trial was violated by enforcement of his child support obligations. (Compl. at ¶ 55.) The protections of the Sixth Amendment apply to criminal proceedings, not the circumstances alleged here. *See Austin v. United States*, 509 U.S. 602, 608 (1993) ("The protections provided by the Sixth Amendment are explicitly

confined to criminal prosecutions.") (quotation omitted).

### 9. Seventh Amendment

Plaintiff alleges that his Seventh Amendment right to trial was violated by enforcement of his child support obligations. (Compl. at ¶ 55.) The Seventh Amendment provides for the right to a trial by jury at suits in common law. U.S. Const. amend. VII. This Seventh Amendment constitutional guarantee "appl[ies] to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." *Tamosaitis v. URS Inc.*, 781 F.3d 468, 485 (9th Cir. 2015) (quoting *Curtis v. Loether*, 415 U.S. 189, 194 (1974)). Plaintiff's complaint includes no factual allegations implicating the Seventh Amendment.

### 10. Eighth Amendment

Plaintiff alleges that defendants violated his rights under the Eighth Amendment by conspiring to "subject Plaintiff to excessive fines, by enforcing an alleged Order and Program Requirement." (Compl. at ¶ 63.) The Eighth Amendment prohibits excessive bail, fines or cruel and unusual punishment. U.S. Const. amend. VII. These protections were designed to protect those convicted of crimes. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977) (The Eighth Amendment applies "only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."). Plaintiff's complaint includes no factual allegations indicating that he is entitled to Eighth Amendment protections.

### 11. Fourteenth Amendment

Plaintiff alleges that defendants conspired to deprive him of life, liberty and property without due process of law and equal protection of the laws by enforcing his child support obligations. (Compl. at ¶¶ 45-46.)

#### a. Due Process

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). The due

11

process clause of the Fourteenth Amendment confers both substantive and procedural protections. *Albright v. Oliver*, 510 U.S. 266, 272 (1994).

The substantive protections of the due process clause bar certain governmental actions regardless of the fairness of the procedures that are used to implement them. *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998). Therefore, the substantive protections of the due process clause are intended to prevent government officials from abusing their power or employing it as an instrument of oppression. *Lewis*, 523 U.S. at 846. The Supreme Court has held that "the substantive component of the Due Process Clause is violated by executive action only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'" *Id.* at 847. "[O]nly the most egregious official conduct can be said to be arbitrary in a constitutional sense." *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006) (quoting *Lewis*, 523 U.S. at 846).

"Substantive due process is ordinarily reserved for those rights that are 'fundamental.'" *Brittain*, 451 F.3d at 990. "The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity," and the Supreme Court has been reluctant to expand the concept of substantive due process. *Albright*, 510 U.S. at 271-72. To state a substantive due process claim, a plaintiff must "show both a deprivation of [his] liberty and conscience shocking behavior by the government." *Brittain*, 451 F.3d at 991.

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569–70 (1972). "[P]rocedural due process claims are resolved by balancing tests, where differing interests can give rise to many differing procedural requirements." *Brittain,* 451 F.3d at 1000. "(D)ue process is flexible and calls for such procedural protections as the particular situation demands." *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)).

Plaintiff 's conclusory allegations are insufficient to state a claim.  There are no facts alleged by which it could reasonably be inferred that Plaintiff has not received the process due

from defendants as it relates to his allegations in this action.

### b. Equal Protection

A plaintiff can state a claim for violation of the Equal Protection Clause, by showing "that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003). Intentional in this context means that the defendant acted, at least in part, *because of* the plaintiff's membership in a protected class. *Serrano*, 345 F.3d at 1082. Alternately, the plaintiff can state a claim by alleging that he was intentionally treated differently than similarly situated individuals and there was no rational basis for the difference in treatment. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (2005); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff's complaint does not include any factual allegations indicating that Plaintiff is a member of a protected class or that any named defendant acted with the intent or purpose to discriminate against him due to his membership in that class. Nor are there any allegations that Plaintiff was intentionally treated differently than other similarly situated individuals.

### 12. Claims Under Title 18 of the United States Code

Plaintiff alleges violations of various provisions of Title 18, including 18 U.S.C. §§ 208, 241, 242, 245, 912, 1001, 1030, 1035, 1341, 1503, 1512, 1581, 1584, 1589, 1951, and 1957. (*See generally* Compl. at ¶ 8.) "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) (quoting *Cannon v. University of Chicago*, 441 U.S. 677, 688 (1979)). Rather, the Court is to consider if Congress intended to create the private right of action in the statute, looking first to the language of the statute. *Id.* "Civil causes of action ... do not generally lie under the criminal statutes contained in Title 18 of the United States Code." *Del Elmer; Zachay v. Metzger*, 967 F. Supp. 398, 403 (S.D. Cal. 1997).

Here, the sections cited by Plaintiff under Title 18 provide for fines, penalties, and incarceration for criminal offenses. There is no language in these sections that would imply a cause of action exists to allow Plaintiff to seek a remedy for these criminal statutes in this action.

///

|   |   |
|---|---|
| 1 | 13. <u>California Penal Code Violations</u> |
| 2 | Plaintiff cites a variety of California Penal Code sections. However, generally, the |
| 3 | California Penal Code does not permit a private right of action. *See Thomas v. Restaurant*, Case |
| 4 | No. 1:15-cv-01113-DAD-SKO, 2015 WL 9583029, at *2 (E.D. Cal. Sept. 31, 2015). Plaintiff has |
| 5 | not demonstrated that any of the cited Penal Code sections authorize a private cause of action. |
| 6 | 14. <u>State Law Claims</u> |
| 7 | Plaintiff also is attempting to pursue state law claims in this action. Under 28 U.S.C. § |
| 8 | 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts |
| 9 | shall have supplemental jurisdiction over all other claims that are so related to claims in the |
| 10 | action within such original jurisdiction that they form part of the same case or controversy under |
| 11 | Article III of the United States Constitution," except as provided in subsections (b) and (c). The |
| 12 | Supreme Court has stated that "if the federal claims are dismissed before trial, ... the state claims |
| 13 | should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). |
| 14 | Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must |
| 15 | first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. As Plaintiff has not |
| 16 | stated a cognizable claim for relief under federal law, the Court will recommend declining |
| 17 | supplemental jurisdiction over Plaintiff's state law claims and dismissing those claims without |
| 18 | prejudice. |
| 19 | **II.    Failure to Obey Court Order and Failure to Prosecute** |
| 20 | **A.  Legal Standard** |
| 21 | Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with |
| 22 | any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . |
| 23 | within the inherent power of the Court." District courts have the inherent power to control their |
| 24 | dockets and "[i]n the exercise of that power they may impose sanctions including, where |
| 25 | appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A |
| 26 | court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, |
| 27 | failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 |
| 28 | F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, |

963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B.     Discussion**

Here, Plaintiff's amended complaint is overdue. The action cannot proceed without Plaintiff's cooperation and compliance with the Court's order. Moreover, the Court cannot hold this case in abeyance awaiting compliance by Plaintiff. The Court additionally cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, as a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's June 10, 2022 screening order expressly warned Plaintiff that his failure to comply would result in a recommendation for dismissal of this action. (Doc. 6 at 15.) Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff's in forma pauperis status in this action indicates that monetary sanctions are of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

### III.   Conclusion and Recommendation

For the reasons stated, it is HEREBY RECOMMENDED as follows:

1. Plaintiff's federal claims be dismissed, with prejudice, based on Plaintiff's failure to state a claim, failure to obey the Court's order and failure to prosecute;
2. The Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims; and
3. Plaintiff's state law claims be dismissed without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 21, 2022**                           /s/ *Barbara A. McAuliffe*
                                                            UNITED STATES MAGISTRATE JUDGE